**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lacey Meinke,

Plaintiff

v.

Frederickson, et al.,

Defendants

Case No. 2:26-cv-00385-JAD-MDC

**Order Denying Motions**

ECF Nos. 8, 12, 14, 15

Plaintiff Lacey Meinke is an inmate at Nevada's Florence McClure Correctional facility. She brings this civil-rights lawsuit against the Washoe County Sheriffs Office and some of its deputies for $2.2 million, alleging that their failure to investigate her allegations that crimes had been committed against her have prevented her abusers from being brought to justice.[1]

Back in June, Meinke filed a "Status Inquiry Motion," explaining that her case had been pending for four months and she wants to know "what is the status of the case?"[2] Meinke is advised that inmate civil-rights lawsuits take years to work through the process. The first major hurdle in the case is what's known as the screening process, in which the court carefully evaluates the complaint to determine whether any claim has been properly stated and may proceed.[3] Because this court receives thousands of inmate lawsuits, it takes many months before each case is screened. Unless and until screening is completed, the lawsuit does not get served on any defendant and no defendant has an obligation to do anything in the case. That's the status

---

[1] ECF No. 1-1.

[2] ECF No. 8.

[3] *See* ECF No. 5 (describing the screening process).

of this case: it is awaiting screening, and it may still be many months before screening happens. Meinke is cautioned that filing requests for a status update only further delays the screening process. The court will send notices of any action taken in this case, but often months will pass with no activity. So although the court provides this status update today, future motions for a status update will be summarily denied.

Meinke also asks the court to hold a default-judgment hearing and issue a default judgment against the defendants.[4] Meinke's expectation that the defendants should be doing anything in this case right now is based on a misunderstanding of the inmate-litigation process. No defendant has been served because the court has not yet screened this case, determined that it can go forward, and ordered service of process. So no defendant has any obligation to participate in this case at this time, and no defendant is in default, let alone in a position to have default judgment entered against it. So Meinke's requests for a default judgment against the defendants and for a default-judgment hearing[5] are fatally premature.

Finally, Meinke moves this court "to issue complaint and summons."[6] She asserts that Federal Rule of Civil Procedure 4 "provides screening of complaint and service of summons on defendant be within 120 days of filing complaint."[7] Not true. That rule says nothing about screening; it imposes on the plaintiff an obligation to effectuate service of the complaint and summons within 90 days.[8] But when a complaint is subject to preliminary screening as Meinke's is, that 90-day window does not open until after the court has screened the complaint

---

[4] ECF Nos. 14, 15.

[5] ECF Nos. 14, 15.

[6] ECF No. 12.

[7] *Id*. at 1.

[8] *See* Fed. R. Civ. P. 4(m). The old version of that rule said 120 days.

and issued summonses.[9] While the court endeavors to screen complaints as soon as possible, this court's heavy docket means that complaints must wait many months for screening. Meinke's complaint will be screened in due course once it makes it to the front of that long line, and if the court determines that it should move forward into the litigation process, the issuance of summonses will be addressed. Unless and until that happens, however, nothing will occur in this case.

IT IS THEREFORE ORDERED that Lacey Meinke's motions for issuance of complaint and summons, for a default judgment hearing, and for a default judgment **[ECF Nos. 12, 14, 15] are DENIED.** And because this order provides the status update that Meinke requests in her status-inquiry motion **[ECF No. 8], that motion is DENIED, too. Meinke is reminded that the court will advise her on any developments in this case and that the filing of motions like these only further delay screening because they usurp the court's scarce resources.**

U.S. District Judge Jennifer A. Dorsey
November 13, 2026

[9] *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process" (*citing Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996))).